

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 4, 1947

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-450

                         Re:  Authority to organize
                              certain non-profit in-
                              surance associations
                              writing policies on em-
                              ployees of a single em-
                              ployer.

Dear Sir:

          Your letter of October 16, 1947, reads as
follows:

          "Please advise me whether 'asso-
     ciations which limit their membership
     to the employees and the families of
     employees of any particular designated
     firm, corporation, or individual, and
     which are not operated for profit and
     which pay no commissions to anyone and
     whose operating expenses do not exceed
     One Hundred Dollars ($100) per month'
     may now be organized and, upon making
     the report required by Vernon's Arti-
     cle 4859f, Section 6, be given an an-
     nual permit to operate exempt from the
     other insurance laws of this State."

          We will first examine the application of Art-
icle 4859f, V. C. S., upon the type of association des-
cribed in your letter.

          Said Article is Vernon's codification of H.B.
303, General Laws, 43rd Legislature, 1933, Regular Ses-
sion, Chapter 245, Page 856, as amended by subsequent
Legislatures.

          That Act was designed to regulate only those
organizations already in existence prior to January 1,
1933.  It applied solely to "corporations carrying on

in this State the statewide business of mutually protecting or insuring the lives of their members by assessments made upon their members." Section 19.

By H. B. 373, General Laws, 44th Legislature, 1935, Regular Session, Chapter 264, Page 651, Section 6, dealing with examinations of such associations by the Board of Insurance Commissioners, the original Act was amended by adding the following provisions:

"It shall be the duty of the Commissioner to require any corporation, person, firm, association, local mutual aid association or any local association, company, or organization, to have a certificate of authority before being authorized to carry on any insurance business in this State. If, in any event, any such company, person, firm, association, or local organization, local aid association, or local organization is writing any form of insurance whatsoever without a permit, or certificate of authority issued by the Department of Insurance of Texas, it shall be the duty of the Commissioner to make known said fact to the Attorney General of the State of Texas, who is hereby required to institute proceedings in the District Court of Travis County to restrain such corporation, person, firm, association, company, local aid association or organization from writing any insurance of any kind or character without a permit." (Emphasis supplied throughout this opinion)

While the original Act of 1933 was limited in its operation, as above noted, the Act of 1935 by its terms applied to all forms of insurance and to all types of insurance enterprises theretofore or thereafter organized in requiring a permit as a condition to doing business. In other respects, however, the Act remained applicable solely to the statewide mutual assessment type of association in existence prior to 1933.

By H. B. 893, General Laws, 45th Legislature, 1937, Regular Session, Chapter 257, Page 522, the original Act was again amended and for the first time specifically mentioned the type of organization to which you refer. By the 1937 amendment, they were exempt from the provisions of Section 6 which as noted had theretofore required them to have a permit or certificate of authority to do business.

The Amendment of 1937 added to the provisions of Section 6, above quoted, the following:

"'Provided no provisions of this Act shall be construed to apply to any corporation, association, or partnership, individual, or joint stock company, engaged in the undertaking business, or to any advertising corporation, association, and/or partnership, individual, or joint stock company with whom they have contracts, and provided further that the provisions of this Section shall not apply to associations which limit their membership to the employes and families of employes, of any particular designated firm, corporation, or individual and which are not operated for profit and which pay no commission to anyone, and whose operating expenses do not exceed One Hundred Dollars ($100) per month. Provided, however, that all such associations shall make annual report to the Department of Insurance on blanks furnished for that purpose showing their financial condition, receipts and expenditures, and such other facts as the Board of Insurance Commissioners may require. No such association shall be permitted to operate, however, without making report to the Insurance Department and getting a permit to do so. Such permit shall be for the current year or fractional part thereof and shall expire on the 1st day of March thereafter and shall be renewed annually upon the approval of the financial statement of the organization by the Board of Insurance Commissioners. All such organizations shall have six (6) months after the time that this Act goes into effect within which to comply with its conditions. If any organization fails to qualify under this Act or fails to comply with its requirements in any manner it shall be the duty of the Board of Insurance Commissioners to report the same to the Attorney General who shall at the request of said Board file such suit as may be necessary to wind up the affairs of such

association and, if necessary, have a Receiver appointed for that purpose. The venue of such suits shall be laid in the District Court of Travis County, Texas. . .'

"Sec. 2. All laws or parts of laws requiring permits or certificates of authority for associations which limit their membership to the employes and the families of employes of any particular designated firm, corporation, or individual and which are not operated for profit and which pay no commissions to anyone and whose operating expenses do not exceed One Hundred Dollars ($100) per month are hereby expressly repealed. * * *."

It will be noted that the added portion might be construed to require annual reports on the part of the organizations to which you refer. However, the caption mentions no such requirements of such organizations, but on the contrary, states the purpose of the 1937 Act to be "to amend Section 6 of" the original Act as amended "to exempt from the provisions thereof" associations of the type to which you refer, and "repealing all laws or parts of laws requiring permits or certificates of authority" to such associations. We, therefore, conclude that such associations were,by the 1937 amendment, entirely excluded from the operation of the Act, since up to that time no such association was affected by any provisions of the Act other than those of Section 6 requiring a permit or certificate of authority to do business, and the amendment is construed, consistent with the caption, to exclude such an association from the operation of Section 6.

The further provision of the 1937 Amendment repealing all laws or parts of laws requiring permits or certificates of authority for associations referred to by you, left them free to organize without such permit or certificate, subject only to such other laws as might apply to them.

Subsequent amendments by H. B. 626, General Laws, 46th Legislature, 1939, Regular Session, Chapter 7, Page 414, and H. B. 996, Acts 47th Legislature, 1941, Regular Session, Chapter 535, Page 860, retained the same language in so far as pertinent with minor changes in sentence structure and punctuation, and is construed by us as affecting no change in the effect of this law.

The Article is not then authority for the organization of an association of the type mentioned. Since, so far as we can determine, the characteristics mentioned are recognized in our insurance laws only for the purpose of exempting them from the operation of Article 4859f, for the purpose of repealing all laws in existence prior to the effective date of the Act of 1937 requiring permits or certificates of authority to do business, and, in Article 4857, V. C. S., for the purpose of excluding them from the provisions of Chapter 8, Title 78, of the Revised Civil Statutes of 1925, dealing with Fraternal Benefit Societies, we are unable to determine from that description alone whether an association with such characteristics may be organized under any other particular law.

## SUMMARY

Article 4859f, V. C. S., by its terms has no application to "associations which limit their membership to the employees and the families of employees of any particular designated firm, corporation, or individual, and which are not operated for profit and which pay no commissions to anyone and whose operating expenses do not exceed One Hundred Dollars ($100) per month" except to repeal all laws or parts of laws in force prior to August 21, 1937, the effective date of H. B. 893, Gen & Spec. Laws, 45th Leg., 1937, Reg. Sess., Chapter 257, Page 522, which required them to obtain permits or certificates of authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Ned McDaniel*

         Ned McDaniel
         Assistant

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

NMc:jmc:jrb